No. A-CV-13-87

# Supreme Court of the Navajo Nation

Viva Rancho Motors, Inc., *Plaintiff-Appellant,*

vs.

Mike Tully, *Defendant-Appellee.*

Decided May 22, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

F.D. Moeller, Esq., Farmington, New Mexico for the Appellant; Leonard Tsosie, Esq., DNA People's Legal Services, Inc., Crownpoint, New Mexico for the Appellee.

*Opinion delivered by Bluehouse, Associate Justice.*

This case requires us to interpret Rule 8(a) *Navajo Rules of Civil Appellate Procedure,* effective March 1, 1987. We hold that the notice of appeal was filed beyond the 30 days requirement of Rule 8(a), NRCAP. We therefore dismiss the appeal for lack of jurisdiction.

The judge of the Crownpoint District Court signed the final judgment in this case on March 6, 1987. The clerk of the Crownpoint District Court received and stamped the district judge's final judgment on March 16, 1987. Appellant Viva Rancho Motors filed its notice of appeal with the Supreme Court Clerk on April 17, 1987. Appellee Mike Tully has filed a motion to dismiss by alleging that the notice of appeal is untimely pursuant to Rule 8(a), NRCAP.

Appellant Motors argues that under Rule 2(c), *Navajo Rules of Appellate Procedure,* an appeal is timely if it is "filed with the clerk within thirty calendar days of the date the final judgment or order being appealed *was entered in the record by the District Court.*" Appellant's Response to Motion to Dismiss, page 1. According to Appellant Motors, the date the judge signs the final order is not the date the final order is entered into the record. Appellant Motors argues that the date the final order was entered into the record in this case was March 16, 1987, and not the date of the judge's signature.

On the other hand, Appellee Tully argues that the date the judge signs the final order is crucial for purposes of appeal. He argues that in this case the appeal was filed 42 days after the judge signed the final order, which makes the appeal late by 12 days. Further, Appellee Tully argues that even if time is computed as argued by the Appellant, the notice of appeal is still late by two days.

It is well settled in this jurisdiction that the date the district judge signs the final order is the date used for computing appeal time. *Window Rock Mall, Ltd., et al. v. Day IV,* 3 Nav. R. 58 (1981); *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al,* 5 Nav. R. 133 (1987); *Riverview Service Station v. Eddie,* 5 Nav. R. 135 (1987). In computing appeal time, the day after the judge signs the final order is day one. *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al.,* 5 Nav. R. 133 (1987). And we have held that "entry of judgment" under Rule 8(a), NRCAP, means the date the judge signs the final order. *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al., Id.* Furthermore, we also construe 7 N.T.C. §801(a) (1985), to allow time computation of appeals from the date the district judge signs the final order.

Appeals submitted by mail must be received and stamped by the Supreme Court Clerk within the time allowed for filing under Rule 8(a), NRCAP, to be timely. *In the Matter of Adoption of: Baby Boy Doe,* 5 Nav. R. 141 (1987); *Riverview Service Station v. Eddie,* 135 (1987). A notice of appeal must be filed by the thirtieth day during normal business hours, which is between the times of eight o'clock in the morning, and five o'clock in the afternoon. We emphasize that no pleading of any sort is accepted for filing after five o'clock in the afternoon.

In this case the notice of appeal is untimely, even as computed by the Appellant. The Court lacks jurisdiction over the appeal. The appeal is therefore dismissed.